## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MIRACORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **No: 08-2673-KHV** |
| **BIG RIG DOWN, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

MiraCorp, Inc. brings suit against Big Rig Down, LLC, Amy Lynn Walls and Debbie Turner for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This matter is before the Court on Defendants' Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim (Doc. #8) filed March 18, 2009. Defendants seek dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserting that plaintiff has not alleged a claim with sufficient specificity to establish copyright infringement. Defendants argue that plaintiff's complaint is premised on conclusory allegations and does not meet the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).[1] Specifically, defendants argue that plaintiff has not alleged the original works which were allegedly infringed, the specific acts by which defendants infringed the copyright, or the time frame during which defendants allegedly infringed. For reasons stated below, the Court overrules the motion.

### I.      Legal Standards

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6),

---

[1]       Defendants filed their motion before the Supreme Court decided Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009),which further explained the pleading standard required to survive a motion to dismiss under Rule 12(b)(6).

the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Twombly, 550 U.S. at 555. In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court, however, need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame its complaint with enough factual matter to suggest it is entitled to relief; it is not enough for it to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

To establish copyright infringement, plaintiff must prove (1) ownership of a valid copyright

and (2) copying of constituent elements of the work that are original. <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 942 (10th Cir. 2002). To state a claim for copyright infringement sufficient to comply with Rule 8(a)(2) and Rule 12(b)(6), plaintiff must generally allege (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright. <u>Am. Plastic Equip., Inc. v. Toytrackerz, LLC</u>, No. 07-2253-DJW, 2008 WL 917507, at *2 (D. Kan. March 31, 2008).

## II.      Factual Background

Plaintiff's complaint alleges the following facts:

MiraCorp does business as National Truck & Trailer Services ("NTTS"). NTTS writes, creates, publishes and markets a publication entitled the <u>National Truck & Trailer Services Breakdown Directory</u> ("the Directory") and owns its copyright, Copyright Registration No. TX 6-879-420, a copy of which is attached to the complaint. The Directory lists and advertises providers throughout the United States and Canada which offer truck repair, truck tire sales and repair, truck and trailer towing and recovery, truck stops with repair, trailer repair and transportation refrigeration services. NTTS creates the advertisements, selects the providers and arranges and organizes how the providers appear in the Directory. NTTS selects providers by assessing the quality of service which they provide to customers. The Directory is well respected by the trucking industry for service provider information. For more than 20 years, NTTS has invested a substantial amount of time, money and effort to continually compile, expand, update and organize the provider listing in the Directory.

NTTS publishes the Directory in three formats: a printed directory, a computer readable CD-Rom and electronically on the Internet via web sites (www.nttsbreakdown.com, www.otrtruckrepair.com and www.otrrepair.com). NTTS has published the printed Directory since

1989, the CD-Rom Directory since 1999, and the internet Directory since 2002. NTTS sells advertisements it creates for the listed providers, who are attracted by the Directory's copyrighted content. It also sells the printed and CD-Rom versions of the Directory.

From August of 2007 through August of 2008, NTTS employed Amy Lynn Walls as a sales representative.  During her employment, Walls contacted customers and providers to expand, maintain and update the listings and advertisements in the Directory.  Walls had access to the Directory at all times during her employment with NTTS.

At some point during her employment, Walls copied NTTS's copyrighted Directory, removed it from NTTS premises, and distributed it for use by Big Rig Down, a company which her mother, Debbie Turner, established in June of 2008.  Walls also worked for Big Rig Down, which began to operate a web site at www.bigrigdown.com in August or September of 2008.   In competition with the Directory, the Big Rig Down web site supplied an internet-based directory of trucking service providers, using advertisements and providers copied and reproduced from the NTTS Directory or a modified version of the Directory without permission from NTTS.  The Big Rig Down web site listed and contained advertisements of providers which offer truck repair, truck tire sales and repair, truck and trailer towing and recovery, truck stops with repair, trailer repair and transportation refrigeration services.  On November 7, 2008, the District Court of Johnson County Kansas issued a restraining order which prohibited defendants from using, operating or maintaining the Big Rig Down web site, so it is no longer accessible on the internet.

### III.    Analysis

Defendants argue that plaintiff's complaint is deficient because it does not allege specific original work which was allegedly infringed, the specific acts by which it was infringed or the time frame during which Big Rig Down allegedly infringed the copyright.  Specifically, defendants complain that plaintiff publishes three forms of the Directory, all of which are protected by the

copyright registration No. TX 6-879-420, so they cannot know which of the three versions is allegedly infringed. Defendants further complain that plaintiff does not state with specificity what exactly was copied, when it was copied, how it was copied, how much was taken, how the actions were deliberate or willful, which defendant took the actions, or when or where the infringement occurred. The Court disagrees that plaintiff must plead its claims with the specificity which defendants seek. Drawing on its judicial experience and common sense, the Court finds that plaintiff's complaint satisfies Iqbal and plausibly states a straightforward claim for copyright infringement.

First, plaintiff clearly identifies the specific work – the Directory – which is the subject of its claim. The fact that NTTS publishes the Directory in multiple media formats is irrelevant because the owner of a copyright may transfer its work from one media to another without altering its character for copyright purposes. 17 U.S.C. § 102(a); see also Faulkner v. Nat'l Geographic Enterps. Inc., 409 F.3d 26, 40 (2d Cir. 2005). Accordingly, plaintiff's complaint sufficiently identifies the specific work which is the subject of its claim.

Second, plaintiff clearly alleges both that it owns the copyright to the Directory and that the copyright has been registered in compliance with the copyright laws. Defendants' argument that plaintiff's complaint is deficient because it does not include a certified copy of its copyright registration certificate is without merit.[2] Defendants confuse plaintiff's burden of proof with its pleading obligation. See, e.g. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (recognizing different evidentiary requirements at successive stages in litigation: general factual allegations of

---

[2] Furthermore, the Court typically does not consider arguments raised for the first time in a reply brief because the opposing party does not have the opportunity to respond to them. Becker v. Securitas Sec. Servs. USA, Inc., No. 06-2226-KHV-DJW, 2007 WL 677711, at *4 (D. Kan. March 2, 2007). On this ground the Court also declines to address the wholly speculative argument that plaintiff may not own a valid copyright on the Directory because it might have been prepared under a "work for hire" agreement.

injury suffice at pleading stage; plaintiff must set forth by affidavit or other evidence specific facts which are then taken as true at summary judgment stage; evidence to support facts necessary at trial). Plaintiff's complaint sufficiently pleads that it owns the copyright to the Directory.

Finally, defendants argue that the complaint is deficient because it does not state with specificity what exactly was copied, when it was copied, how it was copied, how much was taken, how the actions were deliberate or willful, which defendant took the actions, or when or where the actions took place.  Defendants again seek to impose a heightened standard which would be akin to that which applies to fraud claims under Rule 9(b), rather than to claims such as this which are governed by Rule 8(a)(2).

In the complaint, plaintiff clearly alleges that Walls copied the Directory at some point during the year she worked for plaintiff and provided the copied information to Turner and Big Rig Down. Plaintiff alleges that Big Rig Down, at Turner's direction, published the copyrighted information on its web site beginning in August or September of 2008.  Plaintiff alleges that Big Rig Down published on its website advertisements and providers which it copied and reproduced from the Directory.

Defendants cite National Business Development Services, Inc. v. American Credit Educ. & Consulting Inc., 299 Fed. Appx. 509, 511-12 (6th Cir. 2008), for the position that plaintiff's complaint consists of bare legal conclusions which are insufficient to notify Big Rig Down of the claims against it.  In National Business, plaintiffs alleged only that at "some time in the past, at a time not presently known[,] the individual Defendants . . . began to advertise, promote or offer for sale to the general public, educational materials, brochures, and other derivative works, which incorporate the copyrighted materials of the Plaintiff in the Registered Copyrighted Works," and did not identify specifically which work or works infringed plaintiff's copyright.  In contrast, plaintiff here has clearly identified a work published by defendants – the Big Rig Down web site – which

allegedly infringes its copyrighted Directory.  Plaintiff sufficiently identifies the copyrighted work, the infringing work and the related infringing conduct and time frame.  The Court therefore finds that plaintiff's complaint sufficiently alleges copyright infringement.

IT IS THEREFORE ORDERED that Defendants' Motion To Dismiss Plaintiff's Complaint For Failure to State A Claim (Doc. #8) filed March 18, 2009 be and hereby is **OVERRULED**.

Dated this 15th day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge